UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KENNETH VELA, TDCJ # 582668,** | § | |
| | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-16-CA-186-DAE |
| **WILLIAM STEPHENS,** | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division Director, | § | |
| | § | |
| Respondent | § | |

# DISMISSAL ORDER

Before the Court is Petitioner Kenneth Vela's 28 U.S.C. § 2254 Habeas Corpus Petition.

## I.

Vela's § 2254 Petition challenges his 1991 Bexar County conviction for aggravated robbery and life sentence in *State v. Vela*, No. 90-CR-5423 (Tex. 144th Jud. Dist. Ct., *jmt. entered* Feb. 5, 1991). On direct appeal, the Texas Fourth Court of Appeals affirmed the conviction, but reversed and remanded for a new punishment hearing. *Vela v. State*, No. 4-91-125-CR. Following the new punishment hearing, Vela was sentenced to life. The Texas Fourth Court of Appeals affirmed Vela's sentence. *Vela v. State*, No. 4-93-201-CR. The Texas Court of Criminal Appeals denied his petition for discretionary review on October 20, 1994. Vela's first State habeas corpus application challenging this conviction filed November 17, 1997, was denied April 29, 1998. *Ex parte Vela*, No. 37,070-1. Vela's second State habeas corpus application challenging this conviction filed June 23, 2015, was dismissed July 27, 2015 as a subsequent writ. *Ex parte Vela*, No. 37,070-3.

Vela's § 2254 Petition contends: on resentencing the jury sentenced Vela to "99 years/life," a sentence not authorized by Texas law rendering the sentence void; the trial court denied Vela's

right to trial by jury and due process by sentencing Vela to life; and counsel was ineffective for failing to object.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. The exhaustion doctrine is based on comity for state court processes and the principle that state courts should be given the first opportunity to correct alleged federal constitutional violations. *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). "[T]he federal claim must be fairly presented to the state courts . . . [so that] the state courts have had the first opportunity to hear the claim sought to be vindicated." *Picard v. Connor*, 404 U.S. 270, 275-276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Section 2244(d) provides in applicable part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Vela's conviction became final January 20, 1995, ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review and when the time for filing a petition for writ of certiorari to the U.S. Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). Excluding the time Vela's State habeas corpus applications were pending, *there was more then a twenty year interval* between the time Vela's conviction became final and the filing of his federal Petition dated January 30, 2016, and thus his federal Petition is barred by the one-year statute of limitations.

Lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Vela does not allege newly discovered facts that could not have been previously discovered with the

exercise of due diligence and fails to assert any other basis for excusing his failure to timely file his federal Petition. Vela's federal Petition is barred by § 2244(d)(1).

In any event Vela's current § 2254 claims are procedurally barred. Federal habeas courts have no jurisdiction to review a State prisoner's federal constitutional claim if the claim is barred by a State procedural default independent of the federal question and adequate to support denial of the claim. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). When a petitioner is "procedurally barred from raising his claims in state court," his "unexhausted claims are 'plainly meritless'" and "procedurally defaulted." *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Vela's second State habeas corpus application in *Ex parte Vela*, No. 37,070-3, raising his current issues, was dismissed as a subsequent writ (*see* Petition at 4 and Memorandum in Support at 2-3); thus his claims were not addressed by the Texas Court of Criminal Appeals and are unexhausted and procedurally barred. *See id.*

A habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F.3d 255, 258-59 (5th Cir. 1994). Vela is not entitled to habeas relief or a hearing on his Petition because his claims are barred by limitations and are procedurally barred.

### III.

Rule 4 Governing § 2254 Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly, Vela's § 2254 Petition is **DENIED** and this case

is **DISMISSED WITH PREJUDICE.** All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

**DATED**: March 31, 2016

**DAVID A. EZRA**
**Senior United States District Judge**